IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LINDA GARVEY,              }
                           }
     Plaintiff,            }   CIVIL ACTION NO.
                           }   03-AR-0775-S
v.                         }
                           }
COMMUNITY SERVICES OF CALHOUN }
& CLEBURNE COUNTIES,       }
                           }
     Defendant.            }



## MEMORANDUM OPINION

Before the court is the motion filed pursuant to Rule 59, F.R.Civ.P., by plaintiff, Linda Garvey ("Garvey"). Garvey seeks reconsideration of this court's order of March 5, 2004 in which the court granted the motion for summary judgment filed by defendant, Community Services of Calhoun and Cleburne Counties.

Defendant filed its motion for summary judgment on November 26, 2003. The court entered a submission order. Before Garvey's deadline had passed, she requested 45 days of discovery on the issue raised in defendant's motion and an additional 14 days thereafter to file a responsive brief. The court granted Garvey's motion on December 29, 2003. The date for Garvey to file a response came and went. No response was filed.

Garvey says she never filed a responsive brief because her counsel failed to calendar the February 26, 2004 submission date. She argues that her failure was precipitated by an illness and, therefore, the remedy provided in Rule 59 is appropriate. She

further argues that improvidence of granting the motion was clear on the face of the motion. However, Garvey's motion runs afoul of the Eleventh Circuit's holding that "[m]otions to amend should not be used to raise arguments which could, and should, have been made before the judgment was issued." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992); *see also, Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir. 1990).

Garvey requested the extension because "at the present time the plaintiff has no means of responding to the defendant's motion ... given the unusual circumstances presented by this case the plaintiff requests a limited period in which to conduct discovery." If any relevant discovery had ever taken place, presumably Garvey would have alluded to it in her motion. Garvey's Rule 59 motion provides no evidence and make no reference to the discovery that she alleged was necessitated by defendant's motion. Instead, she relies solely on the evidence attached to defendant's motion for summary judgment. This argument, based solely on the motion filed on November 26, 2003, could have been made before the court granted Garvey additional time to conduct discovery; before the court granted Garvey's motion to extend the submission dates; and before the court entered judgment.

An appropriate order will be entered.

DONE this 6th day of April, 2004.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE